DANIEL J. TYUKODY (State Bar No. 123323)
dtyukody@orrick.com
MICHAEL C. TU (State Bar No. 186793)
mtu@orrick.com
JASON L. KRAJCER (State Bar No. 234235)
jkrajcer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Telephone:   (213) 629-2020
Facsimile:   (213) 612-2499

Attorneys for Defendants Thane International, Inc., William F. Hay, Denise DuBarry-Hay, Kevin McKeon and Mark Taylor

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH J. MILKOWSKI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THANE INTERNATIONAL, INC., WILLIAM F. HAY, DENISE DUBARRY-HAY, KEVIN MCKEON and MARK TAYLOR,<br><br>Defendants. | Case No. SA CV 03-1031 JVS (SGLx)<br><br>CLASS ACTION<br><br>**JUDGMENT**<br><br>Courtroom:   10-C<br>Judge:   Hon. James V. Selna |

# JUDGMENT

This action came on for trial before the Court on April 12, 2005, the Honorable James V. Selna, United States District Judge, presiding. In a *Memorandum of Decision* dated June 2, 2005, reported at 372 F. Supp. 2d 1198 (C.D. Cal. 2005), the Court announced its verdict and decision, holding that the merger prospectus of Thane International, Inc. ("Thane") did not make any misrepresentations, and that even if it had, any misrepresentation was not material. The Ninth Circuit, in an order dated March 18, 2008, reported at 519 F.3d 879 (9th Cir. 2008), reversed and remanded, and instructed the Court to enter judgment in favor of plaintiffs with respect to the existence and materiality of misrepresentations in the prospectus, to address loss causation, and to conduct further proceedings consistent with its opinion.

Having considered the evidence and argument of counsel, in accordance with the Ninth Circuit's order dated March 18, 2008, and for reasons set forth in the Court's order dated March 17, 2009 and for good cause appearing, the Court hereby ORDERS, ADJUDGES and DECREES as follows:

1. Thane's merger prospectus contained material misrepresentations concerning listing on the Nasdaq National Market System ("NMS");

2. The Court finds as a factual matter, and by a preponderance of the evidence adduced at trial, that the market impounded into Thane's stock price the fact that Thane listed on the Nasdaq Over-The-Counter Bulletin Board rather than the NMS within the first nineteen days after the merger. This impoundment included the effects of any harm to management credibility alleged to result from the misrepresentations;

3. The misrepresentations did not cause any losses to plaintiff Joseph J. Milkowski and the certified plaintiff class consisting of all persons and entities who acquired Thane's shares pursuant to the merger between a wholly-owned subsidiary of Thane and Reliant Interactive Media Corp. ("Reliant") (other than

defendants and Reliant's principal stockholders) (collectively, "Plaintiffs");

4. Final judgment is entered in favor of defendants Thane, William F. Hay, Denise DuBarry-Hay, Kevin McKeon and Mark Taylor (collectively, "Defendants"), and against Plaintiffs on all of Plaintiffs' claims;

5. Plaintiffs shall take nothing by their complaint from Defendants; and

6. Defendants are the prevailing parties and shall recover their costs to the extent allowable by law in the amount of $ _____.

Dated: March 23, 2009

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

*Presented by:*

ORRICK, HERRINGTON & SUTCLIFFE LLP

    /s/ *Michael C. Tu*
         Michael C. Tu

Attorneys for Defendants Thane International, Inc., William F. Hay, Denise DuBarry-Hay, Kevin McKeon and Mark Taylor